FILED
2018 Sep-27 AM 09:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| MICHAEL ZILLS, | ) |
| | ) |
| Claimant, | ) |
| | ) |
| v. | ) Case No: 3:17-cv-1032-KOB |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| COMMISSIONER, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OF OPINION**

The magistrate judge filed a report and recommendation on April 5, 2018, recommending that the court affirm the decision of the Social Security Commissioner denying disability benefits to the claimant Michael Zills. (Doc. 13). The claimant filed objections on April 25, 2018. (Doc. 16).

After a *de novo* review of the entire record in this case, including the Report and Recommendation, the objections, and the entire administrative and medical record, the court SUSTAINS the claimant's objections regarding whether the ALJ's finding that the claimant suffers from no severe impairments lacks substantial evidence. For the following reasons, the court REJECTS the magistrate judge's report and recommendation and finds that the decision of the Commissioner should be REVERSED and REMANDED.

1

The court agrees with the magistrate judge's finding that the ALJ applied the correct legal standard in assessing whether the claimant had a severe impairment at step two of the sequential analysis. However, the court disagrees with the recommendation that substantial evidence supports the ALJ's finding that the claimant had no severe impairments at step two. Specifically, the court finds that substantial evidence does not support the ALJ's finding that the claimant's chronic back pain was not a severe impairment.[1]

The Social Security regulations set out a sequential analysis for the ALJ to apply in assessing whether the claimant is disabled. 20 C.F.R. § 416.920. One of the threshold questions at step two of that analysis is whether the claimant has a severe impairment. 20 C.F.R. § 416.920(c). Step two requires the claimant to prove that he has a severe impairment or combination of impairments that significantly limit his ability to perform basic work activities, such as walking, standing, and sitting. *See* 20 C.F.R. §§ 416.920(c), 416.921(a).

The claimant's burden at step two is "mild" and "allows only claims based on the most trivial impairments to be rejected*." McDaniel v. Bowen*, 800 F.2d

---

[1] Regarding the claimant's third issue, the Commissioner conceded that the ALJ erred by not applying SSR 16-3p regarding the claimant's subjective statements about the severity of his symptoms. Although the court does not address the issue of whether the ALJ's failure to apply SSR 16-3 was reversible error, on remand, the ALJ should apply the correct standard to assess whether the objective medical findings upon medical examination support the claimant's subjective statements about the limiting effects of his chronic back pain.

1026, 1031 (11th Cir. 1986). "An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id*.

In the present case, the claimant presented evidence of his chronic back pain since 2011. The claimant testified at the hearing under oath that he quit work as a mechanic in July 2014 because of his lower back pain primarily on his left side; that he has trouble walking and getting around because of his back pain; that his back hurts "all the time," causing him to alternate standing and sitting; that his pain is so bad at times that he has to stay in bed about two days a week; and that he has no medical insurance and has to go to the emergency room for shots in his back when his pain is so acute. He also testified that his doctors told him that he needed an MRI of his spine, but he was unable to get one because he has no insurance. (R. 37-43).

The medical records also support the claimant's testimony about the limiting effects of his chronic back pain. The medical records show that, during each of the approximately ten emergency room visits between 2011 and 2015 in which he complained of his lower back pain, the claimant indicated that his back pain hurts worse with movement, lifting, turning, and bending and causes

3

difficulty walking, standing, and sitting. The physical examinations of the claimant's back by emergency room doctors showed objective medical signs of limited range of motion, muscle spasms, and tenderness in his back. Moreover, the doctors repeatedly indicated a diagnosis of "chronic back pain" and gave the claimant injections of Toradol for pain, in addition to prescriptions for Flexeril for muscle spasms and Toradol, Naproxen, and Hydrocodone for pain. (R. 189-92, 218, 223-27, 230-32, 244-48, 251, 256-61, 280, 301, 321).

The ALJ found that, because the claimant had only alleged pain with no diagnosis of degenerative disc disease of the spine and no abnormal x-rays of his back, the claimant's back pain was not a severe impairment. Specifically, the ALJ stated that "pain is a symptom and must be associated with a medi[c]ally determinable impairment" and that the record contained no diagnosis of any medically determinable back impairment. (R. 22). But, the record does contain repeated diagnoses of "chronic back pain," with accompanying objective findings of limited range of motion, muscle spasms, and tenderness. Those diagnoses with objective medical findings upon physical examination are sufficient to satisfy the low threshold for a severe impairment finding. *See Jackson v. Astrue*, No. CA 09-0807-C, 2010 WL 2573508 (S.D. Ala. June 21, 2010) (reversing the ALJ's finding of no severe impairment where evidence showed that the claimant visited doctors

on numerous occasions and received injections for her chronic back pain that affected her ability to walk and stand); *Lavinskey v. Astrue*, 2008 WL 895722 (S.D. Ala. 2008) (finding that "back pain" was a severe impairment).

The issue at step two is not whether the claimant's chronic back pain is disabling, but "whether such impairment results in more than *minimal* functional limitations and restrictions on the claimant's ability to engage in work-related activity." *See Lavinskey v. Astrue*, 2008 WL 895722 at *3 (emphasis added). The medical evidence presented by the claimant is sufficient to satisfy the low or de minimis standard for a severe impairment. The court finds that substantial evidence does not support the ALJ's finding that the claimant's chronic back pain is not a severe impairment at step two.

The court also notes that the magistrate judge's report and recommendation exceeded this court's standard of review. Regarding the claimant's alleged intellectual disabilities, the magistrate judge reasoned in the alternative what the outcome would have been had the ALJ made a particular finding. Because the ALJ did not find a severe impairment at step two, this court cannot speculate about what the ALJ might have done at subsequent levels regarding the claimant's alleged intellectual disabilities.

Because the substantial evidence did not support the ALJ's finding that the

claimant had no severe impairments, this case should be reversed and remanded to the Commissioner for action consistent with this Memorandum Opinion.

The court will enter a separate Final Order.

DONE and ORDERED this 27th day of September, 2018.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE